**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            No. 1:17-cv-00209 JAP/KK
                                                                     1:13-cr-01131 JAP/KK

HAROLD PETE,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DISMISSING DEFENDANT'S HABEAS PETITION**

Defendant Harold Pete asks the Court to vacate or reduce his federal sentence. *See* MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (Doc. No. 34) (Motion).[1] Defendant asserts his counsel rendered ineffective assistance and that his guilty plea was not entered voluntarily or knowingly. After reviewing the matter *sua sponte* under Habeas Corpus Rules 4(b) and 11(a), the Court will dismiss the Motion.

Defendant pled guilty to using and discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Doc. No. 17). He received a sentence of ten years imprisonment. (Doc. No. 28). The Court entered JUDGMENT on Defendant's conviction and sentence on September 18, 2013. (Doc. No. 29). No appeal was filed. Defendant's conviction therefore became final on October 3, 2013, the first business day following the expiration of the 14-day appeal period. *See United States v. Prows,* 448 F.3d 1223, 1227–28 (10th Cir. 2006); *U.S. v. Garcia-Roman,* 466 Fed. App'x 750, 751 (10th Cir. 2012). Approximately three and a half years later, on February 13, 2017, Defendant filed the Motion. (Doc. No. 34).

---

[1] Unless otherwise noted, all further references are to documents filed in criminal case no. 1:13-cr-01131.

By a MEMORANDUM OPINION AND ORDER TO SHOW CAUSE (Doc. No. 38) entered April 27, 2017, the Court required Defendant to show cause why the Motion should not be dismissed because it was filed after the one-year limitation period in § 2255(f)(1). *See also U.S. v. McGaughy,* 670 F.3d 1149, 1152 n. 1 (10th Cir. 2012) (Motions under § 2255 must generally be filed within one year after the defendant's conviction becomes final).

Defendant's ANSWER TO SHOW CAUSE (Doc. No. 39) (Response) was filed May 25, 2017. Defendant offered the following explanation in an attempt to toll the one-year period:

> Attorney stated on three occasions he filed 28 U.S.C. § 2255 for the defendant. The defendant sent correspondence after correspondence to the defendant's public defender, which went unanswered. An internal audit of the defendant's docket sheet showed no 2255 motion filed. The defendant again sent a correspondence to the defendant's defense attorney asking why the 2255 was not filed. The correspondence again went unanswered.

Response, ¶ 1.

This explanation is not sufficient to toll the statute of limitations. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (addressing § 2254). *See also U.S. v. Cordova,* 1999 WL 1136759, *1 (10th Cir. Dec. 13, 1999) (equitable tolling applies in § 2255 cases). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances…." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). He must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998)

The Tenth Circuit has held that the lack of legal assistance is not extraordinary. *Marsh,* 223 F.3d at 1220; *Miller,* 141 F.3d at 978. This is true even when, for example, the attorney is

dilatory in drafting the petition. *See Marsh,* 223 F.3d at 1220 ("[Petitioner chose to rely upon assistance from the prison legal access attorney …. The fact that an [attorney] was assisting in drafting the … petition does not relieve [the inmate] from the personal responsibility of complying with the law."). Beyond citing his attorney's unresponsiveness, Defendant has not argued that he took any steps to file his own habeas petition by October 3, 2013 or that he was prevented from doing so. Equitable tolling is therefore not warranted in this case.

The Court also notes that none of § 2255(f)'s statutory tolling provisions apply. Under that section, the one-year limitation period can be extended where:

(1) The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2) The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3) The inmate could not have discovered "the facts supporting the claim … through the exercise of due diligence." § 2255(f)(4).

The Response does not raise any of these issues. Consequently, under 28 U.S.C. § 2255(f)(1) Defendant's Motion must be dismissed as untimely.

The Court determines *sua sponte* under Habeas Corpus Rule 11(a), the that Defendant has failed to make a substantial showing that he has been denied a constitutional right, and the Court will therefore deny a certificate of appealability.

IT IS ORDERED that Defendant's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (Doc. No. 34) is DISMISSED with prejudice; a certificate of appealability is DENIED; and judgment will be entered.

IT IS FURTHER ORDERED that Defendant's MOTION TO APPOINT COUNSEL (Doc. 36) is DENIED as moot.

_____
UNITED STATES DISTRICT JUDGE